## ROWEN VS. TAYLOR.

1. ABATEMENT.—Want of publication of notice in proceedings by attachment, is matter in abatement, and not in arrest of judgment.
2. ARREST OF JUDGMENT.—Defects apparent on the record may be noticed by the court, although not pointed out in the exceptions; and a judgment may be arrested for an objection on the face of the record, though it was not assigned at the time of making the motion.
3. ATTACHMENT — PLEADINGS AND JUDGMENTS. — Where a plaintiff in attachment files different declarations in different forms of action, there must be a separate verdict and judgment on each declaration; and where in such case there is a general verdict, without any special reference to the different declarations, judgment will be arrested.

ERROR to the District Court for *Dane* County.

*Rowen* sued out a writ of attachment against Taylor, for $100, or upwards. At the return term the first default was taken; and at the May term, 1842, the plaintiff filed two declarations; one in debt for $1,336.67, and one in case, claiming $2,000 damages, for a breach of simple contract; and at that term the second default was taken and a writ of inquiry awarded. Pending the execution of the writ of inquiry, and at the same term, and after the jury had been sworn, the defendant made his first appearance in the cause, and moved the court to dismiss the proceedings, because no notice had been published as required by the statute, but immediately withdrew his motion, and the inquest proceeded. The jury returned a verdict for $989.15 debt, and $80.50

damages.   *Taylor* then moved the court to set aside the verdict and arrest the judgment, for reasons stated in the opinion of the court.

The district court arrested the judgment and dismissed the proceedings.

*Edward V. Whiton*, and *Moses M. Strong*, for plaintiff in error :

The judgment of the court below ought not to have been arrested and the suit dismissed.   It was the duty of the court at the second term, to default the defendant, and the right of the plaintiff to file as many declarations as he had causes of action.   Terr. Stat. Wis. 166, 167, § 7.   The matters alleged in the defendant's motion are matters in abatement, or at most, grounds for a new trial only, and are not good in arrest of judgment.

The defect in the proceedings, if any exists, is cured by the statute of amendments, especially after verdict, as in this case, and the judgment cannot be arrested on the grounds alleged.   Terr. Stat. Wis. 257, 258.

*Field & Botkin*, for defendant in error :

1. The statute of amendments does not reach this case. A verdict which cures defects is a verdict upon an issue of fact in the cause, and not the verdict of a jury of inquest after a judgment by default.

2. Attachment is a rigorous remedy and must be strictly pursued, and every provision of the law is to be rigidly construed against the plaintiff.   Publication of notice comes in the place of a summons, and only amounts to constructive notice.   It is intended to inform, not only the defendant but all his other creditors, of the pendency of the proceedings, and the statute is peremptory, that where notice has not been published the writ shall be quashed ; and the court is bound to notice the matter at any stage of the case before appearance and full defense made.

3. The verdict is so uncertain that it cannot be applied to the declarations, and no judgment could be rendered upon it.

MILLER, J. This suit was commenced by attachment in the district court of Dane county, by the plaintiff against the defendant, on an affidavit alleging fraud. At the second term, in pursuance of the statute, the plaintiff filed two declarations against the defendant, and took a second default. A jury was then called and sworn to assess the damages, and afterward the defendant's counsel filed a motion in arrest of judgment, on the following grounds.

1. That the attachment, affidavit and levy are defective.

2. There was no publication of the pendency of the attachment.

3. The proceedings are irregular, defective and uncertain.

Upon this motion the district court ordered that the judgment be arrested and that this cause be dismissed at the costs of the plaintiff. To reverse this judgment the plaintiff sued out this writ of error.

The attachment is informal but not defective. The affidavit is correct, according to the statute. The return does not state what property or effects of defendant were found in the possession of the garnishee, but he appeared in pursuance of notice and disclosed what were in his hands, which were choses in action. The proceeding, in this particular, should be considered correct, particularly at the time the objection was made.

As it regards the second objection, it appears that after the jury was sworn and part of the testimony received, the defendant by his attorney, moved the court to abate the proceedings for want of the publication of notice of the pendency of attachment, and immediately withdrew it, and let the investigation proceed. It also appears that although this was a judgment by default, yet the defendant, by his attorney, appeared when the jury was sworn. If the counsel had persisted in his motion to abate, there would have been no difficulty in the case. It was at the second term, and the first appearance of the defendant, and it would have been the duty of the court to abate the pro-

ceedings, for the law is imperative. But he withdrew his motion, and let the investigation proceed, until a finding to a large amount was returned against him. The practice of the law is a regular system, and in it there is a time for every thing. But even without this objection to the proceedings of the defendant's counsel, the motion filed after the verdict does not meet his case. The motion is in arrest of judgment, for want of publication. The want of notice is matter in abatement, not in arrest. 4 Yates, 375.

On the third exception the record was examined thoroughly, and although the exception does not point out the irregularities or defects, yet the court may notice defects apparent on the record. A judgment may be arrested for an objection on the face of the record, though it was not assigned at the time of filing the motion or entering the appeal. *Grasser v. Eckhart*, 1 Binney, 575. In this case the plaintiff filed two declarations; one in debt on a judgment recovered and other matters; the other in case for damages for a breach of contract. The jury were sworn generally, who reported a verdict in debt and damages, without any special reference to these declarations. Under the seventh section of the attachment law, the plaintiff, and every other creditor of the defendant, may file their declarations. This allows the plaintiff to file his declaration on the claim on which the attachment was issued, and also additional declarations, as other creditors, on other and different causes of action; but there must be a separate judgment on each declaration filed. These two declarations are so dissimilar and inconsistent that they cannot support a general verdict. The same reason for arresting the judgment in this case exists, that would have existed if they were embraced in separate counts of the same declaration. For this reason the district court was correct in arresting the judgment.

Judgment affirmed, with costs